IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00478-BNB

CLINTON T. ELDRIDGE,

    Applicant,

v.

DAVID BERKEBILE, Warden,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Clinton T. Eldridge, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. He filed *pro se* on March 27, 2014, a final amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 19). He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

On April 2, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 21) directing Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intended to raise that defense in this action. On April 22, 2014, Respondent filed a preliminary response (ECF No. 23). On May 2, 2014, Mr. Eldridge filed a reply (ECF No. 24) to the preliminary response.

The Court must construe liberally the filings of Mr. Eldridge because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an

advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the habeas corpus application and dismiss the action.

Mr. Eldridge was sentenced on July 19, 1984, in the District of Columbia Superior Court to 120 years on charges of attempted rape and rape, burglary, assault with intent to commit rape, and attempted robbery and robbery. Mr. Eldridge is scheduled for full-term release on February 19, 2064. He had a parole eligibility date of November 9, 2010, and has a parole hearing date in October 2016. ECF No. 23, ex. A (Declaration of Benjamin J. Brieschke) at 2, ¶ 4. He asserts a single claim that the BOP has failed to credit him for time served on a sentence that subsequently was vacated in part. Respondent argues that the claim and the application should be dismissed for failure to exhaust administrative remedies.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because he adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy procedure is available to federal prisoners such as Mr. Eldridge. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner

exhausts administrative remedies by attempting to resolve the matter informally (BP-8) and then completing all three formal steps by filing an administrative remedy request with institution staff (BP-9) as well as regional and national appeals (BP-10 and BP-11). *See* 28 C.F.R. §§ 542.13 - 542.15. Inmate appeals must be accompanied by copies of their administrative filings and responses at lower levels. *See* 28 C.F.R. § 542.15(b)(1).

An inmate has twenty days to appeal to the appropriate regional director and thirty days to file a national appeal to the BOP Central Office after receiving a response at the preceding level. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. "An inmate may not raise in an Appeal issues not raised in the lower level filings." 28 C.F.R. § 542.15(b)(2). An inmate also "may not combine Appeals of separate lower level responses (different case numbers) into a single Appeal." *Id.*

If an inmate fails to comply with the procedural requirements of the administrative remedy process, a request may be rejected at any stage of the process. 28 C.F.R. § 542.17(a). When a submission is rejected, the inmate is provided with a written notice as to the reason for rejection, and if the defect is correctable, a reasonable extension of time to correct the defect and resubmit the appeal. 28 C.F.R. § 542.17(b). If an appeal is rejected and the inmate is not given an opportunity to correct the defect, the inmate may appeal the rejection to the next appeal level. 28 C.F.R. § 542.17(c). The coordinator at the next appeal level may affirm the rejection, direct it to be submitted at the lower level, or accept it for filing. *Id.*

Mr. Eldridge filed a total of 120 administrative remedies between December 2000

and March 2014, only two of which relate to his claim that his jail credit was improperly applied to his sentence, and neither of which has been exhausted in a proper manner. ECF No. 23, ex. A at 5, ¶¶ 14 and 15.

### Administrative Remedy 743889

Mr. Eldridge filed administrative remedy 743889 at the BP-9 level on July 26, 2013. ECF No. 23, ex. A at 5, ¶ 16; attachment 3 (SENTRY Full Administrative Remedy Generalized Retrieval for 743889) at 2. Mr. Eldridge alleged that part of his conviction was vacated and that he wanted credit for time served. *Id.* On August 28, 2013, this remedy was denied (status code DNY is SENTRY code for the remedy being substantially denied in full). *Id.*

On September 20, 2013, Mr. Eldridge appealed the denial to the regional level (BP-10). ECF No. 23, ex. A at 5, ¶ 16; attachment 3 (SENTRY Full Administrative Remedy Generalized Retrieval for 743889) at 4. The appeal was denied the same day as untimely. *See* 28 C.F.R. § 542.15(a) (regional appeals must be received within twenty days of the warden's response). ECF No. 23, ex. A at 5, ¶ 16; attachment 3 (SENTRY Full Administrative Remedy Generalized Retrieval for 743889) at 4. On October 17, 2013, Mr. Eldridge appealed the denial at the regional level to the national level (BP-11). ECF No. 23, ex. A at 5, ¶ 16; attachment 3 (SENTRY Full Administrative Remedy Generalized Retrieval for 743889) at 6. The next day, the BOP Central Office denied the BP-11, concurring with the rationale of the regional level's decision. *Id.* Mr. Eldridge was advised that he would "have to resubmit your appeal to Region and also include a staff memo for your untimeliness." *Id.*

On November 12, 2013, Mr. Eldridge refiled his regional appeal (BP-10) as

directed in the response to his rejected BP-11. ECF No. 23, ex. A (Declaration of Benjamin J. Brieschke) at 6, ¶ 16; attachment 3 (SENTRY Full Administrative Remedy Generalized Retrieval for 743889) at 8. The refiling was rejected again as untimely, and Mr. Eldridge acknowledged that he had not read the policy regarding the calculation of deadlines, which specified calendar days as opposed to business days. *Id.* Mr. Eldridge has failed to address his untimeliness. This administrative remedy has not been exhausted properly.

Administrative Remedy 761622

Mr. Eldridge filed administrative remedy 761622 at the BP-9 level on December 10, 2013. *See* ECF No. 23, ex. A (Declaration of Benjamin J. Brieschke) at 6, ¶ 17; attachment 4 (SENTRY Full Administrative Remedy Generalized Retrieval for 761622) at 2. He cites to this remedy in his application to show exhaustion. *See* ECF No. 1 at 9, and 30-31. Mr. Eldridge alleged that he has been "resentenced," requested that the BOP "audit sentence comp[utation]," and that he be credited for "time served." *Id.* On March 4, 2013, this remedy was denied. *Id.* On March 17, 2014, Mr. Eldridge appealed the denial of the BP-9 in a timely manner at the regional level. *See* ECF No. 23, ex. A (Declaration of Benjamin J. Brieschke) at 6, ¶ 17; attachment 4 (SENTRY Full Administrative Remedy Generalized Retrieval for 761622) at 4.

On March 21, 2014, twenty-six days after he filed the instant habeas corpus application, Mr. Eldridge's BP-10 was denied. *See* ECF No. 23, ex. A (Declaration of Benjamin J. Brieschke) at 6, ¶ 17; attachment 4 (SENTRY Full Administrative Remedy Generalized Retrieval for 761622) at 4. Respondents contend that to date Mr. Eldridge has not filed an appeal with the Central Office for this remedy. In his reply (ECF No.

24), Mr. Eldridge fails to indicate that he has filed an appeal. As such, he has failed to demonstrate exhaustion of his administrative remedies by completing review through all three required levels. See 28 C.F.R. § 542.15(b)(2).

Mr. Eldridge has pursued the administrative remedy process twice with respect to the claim asserted in this case, but has not completed it. See *Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002) (a prisoner "may not successfully argue that he has exhausted his administrative remedies by, in essence, failing to employ them"). Although failure to exhaust may be excused in rare cases in which an applicant demonstrates that exhaustion would be futile, *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010), or that irreparable harm would otherwise result, *Steck v. Chester*, 393 F. App'x 558, 560 (10th Cir. 2010), Mr. Eldridge has not alleged or shown any such circumstance.

Mr. Eldridge has not exhausted all BOP administrative remedies before seeking federal court intervention through the instant habeas corpus application. The application will be dismissed for failure to exhaust.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. See *Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Eldridge files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that habeas corpus application is denied and the action dismissed without prejudice for failure to exhaust administrative remedies. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  29th  day of      May      , 2014.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court